UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SARAI DE LOS ANGELES PEREZ-TOYO,                            :
                                                            :
                              Petitioner,                   :
                                                            :          26-CV-1583 (VSB)
             -against-                                      :
                                                            :          **OPINION & ORDER**
                                                            :
KENNETH GENALO, in his official capacity                    :
as Field Office Director of New York ICE                    :
Enforcement and Removal Operation, *et al.*,                :
                                                            :
                              Respondents.                  :
                                                            :
------------------------------------------------------------X

Appearances:

Carl Hurvich
Brooks Law
Medford, MA
*Counsel for Petitioner*

Brandon Matthew Waterman
U.S. Attorney's Office, Department of Justice, SDNY
New York, NY
*Counsel for Respondents*

VERNON S. BRODERICK, United States District Judge:

      Before me is Sarai de Los Angeles Perez-Toyo's ("Petitioner" or "Perez-Toyo") petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the lawfulness of her detention by Immigration and Customs Enforcement ("ICE") and seeking an order directing the Government to immediately release Petitioner from custody. (Doc. 1 ("Petition" or "Pet.").) Because I find that the Government detained Petitioner pursuant to 8 U.S.C. § 1226 and her detention violated her due process rights, the Petition is GRANTED, and the Government is ordered to immediately release Petitioner from custody.

I.     **Factual Background**

Perez-Toyo is a 20-year-old citizen of Venezuela and a freshman at Swarthmore College. (Pet. ¶ 13; Doc. 34-3 at 1.) On August 11, 2022, Petitioner—who was 16-years old at the time—entered the United States with her family to seek asylum. (Doc. 30 at 2.) Petitioner and her family were apprehended by Border Patrol in Texas and shortly thereafter released on humanitarian parole. (*Id.*) On September 23, 2024, Perez-Toyo and her family were granted Temporary Protected Status until April 2, 2025 due to their Venezuelan citizenship, a policy that was instituted under the former Biden administration. (Pet. ¶¶ 1–2; Doc. 32 at 1.) Perez-Toyo and her family currently live in Queens, New York. (Doc. 34-3 at 1.) Petitioner's application for asylum remains pending, (*id.* at 2), and Petitioner and her family have attended all required routine immigration check-ins.

On February 25, 2026, Perez-Toyo reported to a scheduled check-in at 26 Federal Plaza, New York, NY ("26 Federal Plaza") with her mother and stepfather. (*See* Pet. ¶ 14; Doc. 34-3 at 2.) At the check-in, ICE arrested Petitioner and her family members, without notice or opportunity to contest her detention and served her with an arrest warrant citing the Immigration and Nationality Act ("INA") § 236—codified as 8 U.S.C. § 1226—as its basis.[1] (Doc. 34-1.) That same day, the Department of Homeland Security also served Perez-Toyo with a Notice to Appear ("NTA"), designating her as a noncitizen "present in the United States who has not been admitted or paroled" and ordering her to appear before an immigration judge on March 5, 2026. (Doc. 34-2 at 1.) Petitioner was transported to the Delaney Hall Detention Facility in Newark, New Jersey, where she remains detained without a bond hearing or any initial individualized

---

[1] The February 25, 2026 arrest warrant specifically directs Petitioner's arrest by "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [INA] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. 34-1.)

custody determination.  *See* ICE Online Detainee Locator System, available at https://locator.ice.gov/odls/#/search, (A-Number: 241-867-918; Country of Birth: Venezuela) (last visited Mar. 3, 2026).

## II.     **Procedural History**

On February 25, 2026 at 4:30 P.M. Eastern Standard Time, Petitioner's counsel filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (*See* Pet.)  Petitioner's counsel also filed habeas petitions for her mother and stepfather, which were both assigned to other judges in this District.  *See Toyo Urdaneta v. Genalo*, No. 26-CV-1584, (Doc. 1) (S.D.N.Y. Feb. 25, 2026); *Perozo Quintero v. Genalo*, No. 26-CV-1588, (Doc. 1) (S.D.N.Y. Feb. 25, 2026).  That same day, I issued an Order to Show Cause, directing Respondents and Petitioner to submit a joint letter responding to the following inquiries:  (1) the proper venue; (2) the relevant detention provisions at issue; (3) whether the instant petition could be controlled by my prior opinions in *Sidqui v. Almodovar*, No. 25-CV-9349, 2026 WL 251929 (S.D.N.Y. Jan. 30, 2026) and *Han v. Noem*, No. 25-CV-10753, 2026 WL 322963 (S.D.N.Y. Feb. 6, 2026), which have held that 8 U.S.C. § 1225(b), the mandatory detention provision, only applies to individuals at the border seeking admission into the country, while 8 U.S.C. § 1226(a), the discretionary detention statute, applies to all noncitizens currently present in the country; and (4) if the parties required additional briefing.  (Doc. 4 at 2.)

I also requested that the parties attend an initial telephonic conference on February 27, 2026 to discuss the Petition.  (*Id.*)  In response to my order, on February 26, 2026, the parties filed a joint letter acknowledging that venue was proper because Perez-Toyo was at 26 Federal Plaza at the time the Petition was filed.  (Doc. 30 at 1.)  Moreover, although Respondents assert that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), they admit that my "decision in *Han*

3

would control the result in this case." (*Id.* at 2.) Both parties also agree that I can resolve this matter without further briefings or hearings. (*Id.*) On February 27, 2026, I held a telephonic conference and requested that the parties submit any additional immigration documents they have in their possession, including a Notice to Appear, an Arrest Warrant, and a Record of an Inadmissible/Deportable noncitizen. On March 2, 2026, Judge Katherine Polk Failla, sitting as the Part I judge, granted Perez-Toyo's mother's habeas petition and ordered her release. *Toyo Urdaneta v. Genalo*, No. 26-CV-1584, 2026 WL 579383 (S.D.N.Y. Mar. 2, 2026). Furthermore, in response to my request, on March 3, 2026, the Government submitted Petitioner's February 25, 2026 Arrest Warrant (Doc. 34-1), her NTA, (Doc. 34-2), and a "Record of Deportable/Inadmissible Alien," (Doc. 34-3).

Having reviewed the Petition, the materials filed in support thereof, and the parties' further filings, I find that the Petition "present[s] only issues of law," and I thus issue the instant Opinion & Order and adjudicate the Petition without a hearing in light of my obligation to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require." 28 U.S.C. § 2243.

### III.     Legal Standard

Perez-Toyo brings her Petition pursuant to 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "When a petitioner brings a habeas petition pursuant to § 2241, the petitioner 'bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Dzhabrailov v. Decker*, No. 20-CV-3118, 2020

WL 2731966, at *3 (S.D.N.Y. May 26, 2020) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)).  "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-04189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

**IV.    Discussion**

Perez-Toyo's Petition raises questions that I and dozens of other judges in this District have already asked and answered:  (1) whether a person living in the United States after entering the country unlawfully is detained under 8 U.S.C. § 1225(b)(2)(A) or under 8 U.S.C. § 1226(a); (2) if § 1226(a) is the relevant detention provision, whether ICE's detention of a petitioner, undertaken without any individualized consideration, violates a petitioner's due process rights; and (3) if there are due process violations, whether the appropriate remedy is a bond hearing or immediate release.

Indeed, the Government concedes that my "decision in *Han* would control the result in this case." (Doc. 30 at 2.)  In *Han*, I warned Respondents that their attempts to "continue [mandatorily] detaining individuals under the same problematic statutory interpretation [scheme] despite hundreds of judges holding otherwise is an unequivocal rejection of statutory and constitutional mandates." 2026 WL 322963, at *4 n.2. Yet Respondents, ignoring the weight of authority, continue to detain immigrants present in the United States under 8 U.S.C. § 1225(b)(2)(A).  In fact, an immigrant petitioner in another case in this District noted that ICE agents "lied to him when he was detained, stating he would not see an immigration judge for up to a year, so as to coerce him into signing paperwork accepting voluntary departure." *Tejeda Mata v. Francis*, No. 26-CV-658, (Doc. 1 at 1) (Jan. 26, 2026).  Furthermore, over 170

5

immigration habeas petitions have been filed in this District between December 1, 2025 and March 3, 2026. *See* Query, *463 (Habeas Corpus — Alien Detainee)*, Southern District of New York Official Court Electronic Document Filing System (last visited Mar. 3, 2026). Not every single petition implicates the same § 1225 and § 1226 statutory question; however, a considerable portion of these cases concern this same issue. In comparison, only about 10 immigration habeas petitions in this District were filed between November 1, 2024 and April 30, 2025. *Id.* Against the weight of judicial authority across the country, Respondents now attempt to mandatorily detain an asylum-seeker from Venezuela who came here as a minor with her family and is a college freshman—certainly not the "worst of the worst," a designation that the Government seems to have cynically reserved for all immigrants. *Bautista v. Santacruz*, No. 25-CV-01873, 2026 WL 468284, at *2 (C.D. Cal. Feb. 18, 2026).

I adhere to my prior decision in *Han* and conclude here that Petitioner, who has been living in the United States since 2022 with her family, is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and instead is detained under the discretionary provision of § 1226(a). 2026 WL 322963, at *5–7. I agree with the "overwhelming majority of opinions in this District and others across the country [that] have held that § 1226, not § 1225, governs the process of arresting and detaining noncitizens who are already present in the United States." *Id.* at *4 (collecting cases). Section 1225(b)(2) applies only to noncitizens actively "seeking admission" to the United States, and not to individuals like Perez-Toyo who have already entered and have been residing in the country, as she "can't go into a place where [she] already [is]." *Id.* at *5 (alteration in original) (quoting *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142, at *3 (S.D.N.Y. Oct. 28, 2025)). "To assume otherwise would mean that millions of immigrants

6

living in the United States should be mandatorily detained as if they are on the cusp of our nation's borders." *Id.*

Removal proceedings for immigrants can take months, if not years, to be adjudicated and resolved. In mandatorily detaining all those who are present in the country with pending removal proceedings and immigration applications, the Government threatens to indefinitely detain millions of people in facilities with such poor conditions that over two dozen people died last year. *See* Maanvi Singh, Coral Murphy Marcos, & Charlotte Simmonds, *2025 was ICE's deadliest year in two decades. Here are the 32 people who died in custody*, THE GUARDIAN (Jan. 4, 2026), https://www.theguardian.com/us-news/ng-interactive/2026/jan/04/ice-2025-deaths-timeline. Further, "it would be remiss of me to ignore decades of immigration law that has acknowledged the difference between those at the border and those in the interior of the country." *Han*, 2026 WL 322963, at *7 (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 490 (S.D.N.Y. 2025)).

Having determined that Perez-Toyo is detained pursuant to § 1226(a), I conclude that the Government's detention of Petitioner, without any individualized consideration, violates her due process rights. Section 1226(a) requires that the Government make an individualized determination based on (1) whether the noncitizen is a "danger to property or persons" and (2) whether the noncitizen is "likely to appear for any future proceeding" before detaining her. 8 C.F.R. § 1236.1(c)(8). Here, "there is nothing to suggest that DHS exercised any discretion *at all* in detaining" Petitioner. *Lopez Benitez*, 795 F. Supp. 3d at 494 (emphasis in original). Moreover, Perez-Toyo undoubtedly has substantial arguments that she would not be a danger or flight risk. Petitioner does not have a criminal history, she has not violated conditions of her release, and she has a pending asylum application. (Doc. 34-3 at 2.) However, Petitioner could

not make any of these arguments because ICE effectuated her detention without any opportunity to be heard or an individualized assessment of her circumstances. "[T]he record demonstrates that the government did not play by the rules—'treating attendance in immigration court as a game of detention roulette is not consistent with the constitutional guarantee of due process.' Petitioner is entitled to more process than [she] received." *O.F.B. v. Maldonado*, No. 25-CV-6336, 2025 WL 3277677, at *6 (E.D.N.Y. Nov. 25, 2025) (quoting *Lopez Benitez*, 795 F. Supp. 3d at 499). Accordingly, Perez-Toyo's detention violates her due process rights. *See Han*, 2026 WL 322963, at *7.

Finally, I order the immediate release of Petitioner rather than a bond hearing. "[A] bond hearing [cannot] retrospectively cure the due process violation, which derived from [Petitioner's] unlawful arrest and detention without the statutorily required exercise of discretion." *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *11 (S.D.N.Y. Dec. 17, 2025) (citing *Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *7–9 (S.D.N.Y. Nov. 4, 2025)); *see also Ambroladze v. Maldonado*, 26-CV-00474, 2026 WL 280182, at *3 (E.D.N.Y. Feb. 3, 2026) ("[B]ecause the 'typical remedy' for 'unlawful executive detention' is 'of course, release,' the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release." (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008))). "[T]he harm began when Petitioner was detained without process and continues with each day [s]he remains in custody." *Han*, 2026 WL 322963, at *8. Thus, the Government must immediately release Perez-Toyo from detention.

V. **Conclusion**

Therefore, the Petition for a writ of habeas corpus is GRANTED. Respondents are hereby ORDERED to immediately release Petitioner from custody, notify counsel of when and

where the release will be effectuated, and certify compliance with this order by filing an entry on the docket no later than **12:00 p.m. on March 4, 2026**.

IT IS FURTHER ORDERED that Petitioner "shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a)." *Hyppolite v. Noem*, No. 25-CV-4304, 2025 WL 2829511, at *17 (E.D.N.Y. Oct. 6, 2025).  *Cf. Rueda Torres v. Francis*, No. 25-CV-8408, 2025 WL 3168759, at *6 (S.D.N.Y. Nov. 13, 2025).

IT IS FURTHER ORDERED that the Government is ENJOINED from denying bond to Petitioner in any subsequent proceeding on the basis that she must be detained pursuant to 8 U.S.C. § 1225(b) and from invoking in that proceeding the automatic stay provision at 8 C.F.R. § 1003.19(i)(2), *Rueda Torres*, 2025 WL 3168759, at *6, absent a change in controlling law.

SO ORDERED.

Dated: March 3, 2026
       New York, New York

*[signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge